UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LAMB,

                    Plaintiff,                              Case No. 15-12654

v.                                                          HON. AVERN COHN

DENNIS W. ARCHER, et al.,

                    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (Doc. 8)**
**AND DENYING AS MOOT PLAINTIFF'S TIME TOLLING MOTION (Doc. 3)**
**AND DISMISSING COMPLAINT**

**I. Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983.[1]  Plaintiff is <u>pro se</u> and

proceeding without prepayment of the filing fee.  He names nine defendants: two former

City of Detroit Mayors (Dennis W. Archer and Kwame Kilpatrick), two former chiefs of

police (Benny N. Napoleon and Ella Bully-Cummings), an unnamed former director of

the Detroit Police Department Crime Lab, a current judges for the Wayne County Circuit

Court (Daniel Ryan and Daniel Hathaway), and two former technicians with the Detroit

Police Department Crime Lab (Haydan Dannug and Donald Rem).  As best as can be

gleaned, Plaintiff challenges the conditions of the Detroit Crime Lab; the testimony of

two crime lab employees at his criminal trial (defendants Donald Rem and Hayden

Dannug) on the grounds that the conditions at the crime lab, lack of accreditation, and

_____

[1]In 1999, Plaintiff was convicted by a jury in Wayne County Circuit Court of four
counts of first-degree murder, armed robbery, and possession of a firearm during the
commission of a felony.  He was sentenced to concurrent terms of life imprisonment
without parole on the murder convictions and a consecutive terms of two years'
imprisonment for the felony-firearm conviction.

insufficient oversight rendered their testimony false; the denial of his motions for DNA testing by Judges Ryan and Hathaway; and the failure of the remaining defendants to properly supervise the Detroit Crime Lab to ensure its compliance with applicable state laws.

Plaintiff has also filed a motion to toll the limitations period and a motion to amend the complaint. For the reasons that follow, the motion to amend will be granted, the complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and plaintiff's time tolling motion will be denied as moot.[2]

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

The Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact.

---

[2]On August 10, 2015, the Court issued an Order of Reference to United States Magistrate Judge. (Doc. 7). The order is REVOKED.

Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III.  Discussion

### A.  Motion to Amend

Plaintiff has filed a motion to amend the complaint. (Doc. 8). The motion is GRANTED. The Court will consider Plaintiff's claims as set forth in the amended complaint. (Doc. 9).

### B.  Supervisor Defendants

Plaintiff's claims against defendants Archer, Kilpatrick, Napoleon, Bully-Cummings, and the former director of the DPD Crime Lab are based upon their supervisory authority. However, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, see Monell v. Department of Social Services of New York, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Other than conclusory allegations of misdeeds, Plaintiff does not to allege that these defendants had any direct involvement in the Detroit Police Department Crime Lab or that defendants engaged in any "'active unconstitutional behavior'" rather than a "'mere failure to act.'" Shehee, 199 F.3d at 200, quoting Salehpour v. Univ. of Tenn., 159 F.3d

199, 206 (6th Cir. 1998).  Even if any of these defendants was aware of the conditions of the Detroit Police Department's Crime Lab prior to its closure, "simple awareness of employees' misconduct does not lead to supervisor liability."  Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003).  Therefore, Plaintiff has not stated a claim against defendants Archer, Kilpatrick, Napoleon, Bully-Cummings, and the former director of the DPD Crime Lab.

### C.  Defendant Judges

State court judges Ryan and Hathaway are also entitled to summary dismissal based upon judicial immunity.  Judges are absolutely immune from civil rights suits when acting in a judicial capacity unless they act in the clear absence of all jurisdiction.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Plaintiff complains of Judge Ryan's and Judge Hathaway's rulings on his requests related to DNA testing.  Their judicial rulings are clearly acts normally performed by a judge.  Therefore, Plaintiff has not stated a viable claim against these defendants.

### D.  Detroit Crime Lab Defendants

Finally, Plaintiff's claims against the remaining defendants, Haydan Dannug and Donald Rem (both of whom worked at the Detroit Crime Lab), are barred by Heck v. Humphrey, 512 U.S. 475 (1973).  In Heck, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner does not state a cognizable civil rights claim if a ruling on his claim would necessarily call into question the validity of his continued confinement, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated.

Although Plaintiff says that he is not challenging his convictions and that a favorable termination in this case will not call into question the validity of his convictions, Plaintiff is challenging the procedures associated with the DNA testing.  If, as Plaintiff alleges, the procedures utilized by Dannug and Rem to test physical evidence related to Plaintiff's criminal trial were insufficient or inadequate, then Plaintiff's convictions are, by necessity, being challenged.  Thus, the claims against Dannug and Rem are so intertwined with the facts of his confinement as to be barred by <u>Heck</u>.

## IV.  Conclusion

For the reasons stated above, the complaint fails to state a claim against any of the named defendants upon which relief may be granted.  As such, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

In light of this determination, Plaintiff's time tolling motion (Doc. 3) is DENIED as MOOT.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2015

5